IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | **MEMORANDUM DECISION AND ORDER DENYING [123] DEFENDANT'S MOTION TO VACATE** |
| Plaintiff, | : | |
| vs. | : | |
| ROBERT BRIAN WALTON, | : | Case No. 2:13-CR-654-DN |
| Defendant. | : | Judge David Nuffer |

Defendant Robert Brian Walton ("Walton") seeks to vacate his conviction under 28 U.S.C. § 2255 raising a claim of ineffective assistance of counsel.[1] Walton argues that his trial counsel was ineffective for "fail[ing] to acquire existing evidence in support of [Walton's Motion to Suppress]."[2] Because the record of the case conclusively shows that Walton is entitled to no relief on his claim, further proceedings are unnecessary[3] and his Motion to Vacate is DENIED.

## BACKGROUND

On November 5, 2012, at approximately 5:15 a.m., Salt Lake City police officer Michael Ruff ("Ruff") responded to a dispatch call concerning an unauthorized vehicle parked behind a building in Salt Lake City known as Fellowship Hall.[4] Ruff and another officer arrived at the

---

[1] *See* Petition for Writ of Habeas Corpus Due to Ineffective Assistance of Counsel ("Motion to Vacate"), docket no. 123, filed Feb. 22, 2016.

[2] *See id*. at 1.

[3] *See* 28 U.S.C. § 2255(b).

[4] *See* Memorandum Decision and Order ("Order") at 1–2, docket no. 47, filed Mar. 26, 2016.

scene and found Walton, who appeared to be sleeping, inside the parked vehicle.[5] Ruff asked Walton to exit the vehicle, but Walton initially refused to cooperate.[6] Eventually Walton exited the vehicle and began speaking with Ruff.[7] Walton told Ruff his name was Trevor Johnson and that he did not have any physical identification.[8] Ruff ran the name through a police database, but was unable to verify Walton's identity.[9]

After Walton again provided Ruff the false name, Ruff entered Fellowship Hall to speak with the complainant.[10] The complainant told Ruff that no one with the last name of Johnson was listed in Fellowship Hall's membership database.[11] The complainant also informed Ruff that he did not recognize Walton.[12] Ruff then placed Walton in handcuffs, at which point Walton provided his real name.[13] Ruff ran Walton's information through the police database and learned that Walton had an outstanding felony warrant.[14] Consequently, Ruff arrested Walton on the warrant and for trespassing.[15] Ruff also ran a check on the license plate on Walton's vehicle and found that it did not belong to the vehicle and that its corresponding vehicle was not registered or insured.[16]

---

[5] *See id.* at 2.

[6] *See id*. at 2–3.

[7] *See id.* at 3.

[8] *See id*.

[9] *See id*.

[10] *See id*. at 4.

[11] *See id*.

[12] *See id*.

[13] *See id*.

[14] *See id*.

[15] *See id*.

[16] *See id*.

During the arrest, Walton asked Ruff to contact certain people, who he indicated lived nearby, so that they could retrieve the vehicle from Fellowship Hall.[17] Ruff however impounded the vehicle.[18] The Salt Lake Police Department later performed an inventory search of the vehicle, which revealed a gun and marijuana.[19]

On September 25, 2013, Walton was indicted on one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and one count of possession of marijuana under 21 U.S.C. § 844(a).[20] Walton moved to suppress the evidence of the gun and marijuana found in his vehicle, arguing that officers only discovered the evidence after Ruff unlawfully impounded his vehicle.[21] The Motion to Suppress was denied.[22] Walton subsequently pled guilty to the firearm charge and the Government dismissed the marijuana charge.[23] Walton was sentenced to six months in prison, followed by thirty-six months of supervised release.[24] He was also issued a $100.00 fine.[25]

On November, 13, 2014, Walton filed a Notice of Appeal with the United States Court of Appeals for the Tenth Circuit challenging his conviction.[26] However, he later voluntarily dismissed the appeal.[27]

---

[17] *See id*. at 5.

[18] *See id.* at 5.

[19] *See id*.

[20] *See* Indictment, docket no. 1, filed Sept. 25, 2013; Superseding Indictment, docket no. 62, filed June 11, 2014.

[21] *See* Defendant's Memorandum in Support of Motion to Suppress ("Motion to Suppress") at 7-12, docket no. 39, filed Feb. 3, 2014.

[22] *See* Order.

[23] *See* Judgment in a Criminal Case at 1, docket no. 97, filed Oct. 30, 2014.

[24] *See id*. at 3.

[25] *See id*. at 5.

[26] *See* Notice of Appeal, docket no. 100, filed Nov. 13, 2014.

[27] *See* Final Judgment, docket no. 111, filed Mar. 16, 2015.

Walton now argues in his Motion to Vacate that his trial counsel, Adam Bridge ("Bridge"), was constitutionally ineffective for failing to acquire and present evidence in support of his Motion to Suppress.[28] To support his Motion to Vacate, Walton submitted the affidavit of R. Franklin Moyle ("Moyle"), a member at Fellowship House.[29] Walton argues that the affidavit "is likely dispositive to the question of suppression and the legality of the vehicle impoundment."[30] Walton maintains that Bridge should have obtained Moyle's statement and presented it in support of his Motion to Suppress.[31]

## LEGAL STANDARD

With respect to all habeas motions brought under 28 U.S.C. § 2255, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," a hearing must be granted and notice must be provided to the prosecution.[32] When the record conclusively shows that the prisoner is entitled to no relief, the court may exercise discretion to rule on the record alone, without first holding a hearing.[33]

With respect to claims of ineffective assistance of counsel, the United States Supreme Court opinion in *Strickland v. Washington* establishes the benchmark test for all such claims.[34] In *Strickland*, the Supreme Court held that there are two components that a convicted defendant raising an ineffective assistance of counsel claim must establish: "First, the defendant must show that counsel's performance was deficient.… Second, the defendant must show that [counsel's]

---

[28] *See* Motion to Vacate at 1–3.

[29] *See id.* at 4.

[30] *Id.* at 2, 4.

[31] *See id.* at 2.

[32] 28 U.S.C. § 2255(b).

[33] *See United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988).

[34] 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

deficient performance prejudiced the defense."[35] These components are now considered with respect to Walton's Motion to Vacate.

### I. Walton Is Entitled to No Relief Because His Trial Counsel's Performance Was Not Constitutionally Deficient

The deficient performance prong of *Strickland* is satisfied only when the defendant shows "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[36] "Judicial scrutiny of counsel's performance must be highly deferential" as "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."[37]

Walton claims that Bridge's performance was deficient because he did not acquire and present evidence, specifically Moyle's affidavit, in support of his Motion to Suppress.[38] Moyle spoke with the officers as Walton was being arrested and told them that Walton's vehicle could be left at Fellowship Hall and that he and others would take care of it and Walton's property.[39]

The record however reveals that Bridge raised this argument in Walton's Motion to Suppress.[40] Specifically, Bridge argued that "Walton had a friend five minutes away who could've taken possession of his vehicle and his property. Walton could've easily provided for the speedy and efficient removal of his vehicle, rendering an impoundment unnecessary and unreasonable."[41] Walton's reply memorandum in support of his Motion to Suppress further

---

[35] *Id*. at 687.

[36] *Id.*

[37] *Id*. at 689.

[38] *See* Motion to Vacate at 2.

[39] *See id*. at 4.

[40] *See* Motion to Suppress at 4–5, 11.

[41] *Id*. at 11.

states, "[i]f the vehicle was indeed unroadworthy, as the government claims, Walton's friends were willing to have it towed away from Fellowship Hall."[42]

While Bridge did not identify Moyle by name in Walton's Motion to Suppress, Bridge raised the basic facts asserted in Moyle's affidavit in arguing the Motion to Suppress.[43] The record therefore conclusively shows that Walton's ineffective assistance of counsel claim is unfounded as to the issue of Bridge's defective performance.

## II. Walton is Entitled to No Relief Because Any Deficient Performance of His Trial Counsel Did Not Prejudice His Defense

Even assuming that Bridge's performance was constitutionally deficient, Walton's defense was not prejudiced by any failure of Bridge to acquire and present evidence that certain individuals could have taken custody of Walton's vehicle. Prejudice in the context of a claim of ineffective assistance of counsel requires the defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is probability sufficient to undermine confidence in the outcome."[44]

The asserted facts in Moyle's affidavit do not affect the reasoning or analysis behind the Order denying Walton's Motion to Suppress. Moyle's affidavit states that he told the officers they could keep the car at Fellowship Hall, that he and others would take care of Walton's property, and that it was common for people to leave their vehicles at Fellowship Hall for temporary stays.[45] The Order concluded that the impoundment of Walton's vehicle was lawful

---

[42] Defendant's Reply to Government's Memorandum in Opposition to Defendant's Motion to Suppress ("Reply in Support of Motion to Suppress") at 5, docket no. 45, filed Feb. 20, 2014.

[43] *See* Motion to Suppress at 4–5, 11; Reply in Support of Motion to Suppress at 4.

[44] *Strickland*, 466 U.S. at 694.

[45] *See* Motion to Vacate at 4.

under Salt Lake City Police Policy III-400.[46] This Policy states that officers "may impound vehicles as a means of … protecting the vehicle and its contents until the owner can take possession of it."[47] The Policy also urges officers to use discretion when deciding whether to impound a vehicle.[48] The Order found that Ruff reasonably exercised this discretion when he impounded Walton's vehicle.[49] This finding was not based on a lack of evidentiary support for Walton's argument that he had friends close by who could have taken custody of his vehicle.[50] Rather, the finding was based on consideration of the totality of circumstances, including: (1) Walton's vehicle "was parked on the property of Fellowship Hall"; (2) "[t]he property owner did not want the vehicle to remain there"; (3) the vehicle "had the wrong plates mounted on it and the vehicle was uninsured"; (4) Walton "was arrested and taken into custody"; and (5) the vehicle "could not reasonably be abandoned at [Fellowship Hall]."[51]

The Order denying Walton's Motion to Suppress specifically addressed the fact that Walton had friends in the area that had the ability to take custody of his vehicle, but rejected that this rendered the impoundment of the vehicle unreasonable under the totality of circumstances.[52] The mere fact that Moyle is now identified as one of these friends does not alter the Order's finding of reasonableness. Moreover, Moyle was not the owner of Fellowship Hall and had no authority to give the officers permission to leave Walton's vehicle at Fellowship Hall. Whether Moyle or other could have taken custody of Walton's vehicle simply does not render the impoundment of the vehicle unreasonable given the other circumstances surrounding Walton's

---

[46] *See* Order at 8–9.

[47] Salt Lake City Police Department Policy III-400, Impounds, Vehicle Holds and Relocations.

[48] *See id.*

[49] *See* Order at 10.

[50] *See id.* at 9-10.

[51] *Id.* at 9.

[52] *See id.* at 9-10.

arrest. Nor does Moyle's affidavit affect the propriety of the inventory search of the vehicle that revealed the gun and marijuana evidence. Consequently, the record conclusively shows that Walton cannot establish a reasonable probability that he would have obtained a different outcome on his Motion to Suppress had Bridge acquired and presented Moyle's affidavit.

Accordingly, because Walton has failed to meet his burden under both prongs of the *Strickland* test for establishing ineffective assistance of counsel,[53] he is entitled to no relief under section 2255.

## ORDER

It is hereby ORDERED that Walton's Motion to Vacate [54] is DENIED.

DATED this 6th day of April, 2016.

_____
David Nuffer
United States District Court Judge

---

[53] *See Strickland*, 466 U.S. at 687.

[54] *See* Motion to Vacate.